IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PAETEC COMMUNICATIONS, INC.,       )
                                   )
One PAETEC Plaza                   )
600 Willowbrook Office Park        )
Fairport, New York 14450           )
(585)340-2500                      )
                                   )
                                   )    Civil Action No.
                                   )
          Plaintiff,               )
                                   )
                                   )
     vs.                           )
VERIZON COMMUNICATIONS, INC.,      )
                                   )
140 West Street                    )
New York City, New York 10007      )
(212)395-1000                      )
                                   )
                                   )
          Defendant                )
                                   )
                                   )
_____     )


**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff PAETEC Communications, Inc., (hereinafter referred to as "PAETEC") by and through its attorney Jeffrey J. Binder, Esquire, The Watergate, 2510 Virginia Avenue, N.W., Washington, D.C. 20037, (202)965-0199, and pursuant to 28 U.S.C. §2201 and Rule 57 of the Federal Rules of Civil Procedure, hereby files its complaint for declaratory judgment against Verizon Communications, Inc. (hereinafter referred to as

1  "VERIZON"). Specifically, PAETEC requests a judgment from this

2  Court declaring that VERIZON has no legal basis for billing

3  interstate carrier access charges to PAETEC for

4  telecommunications traffic for which PAETEC is not the

5  interexchange carrier, and that any attempt by VERIZON to

6  restrict or impair PAETEC's service in an effort to collect such

7  access charges would violate federal law and VERIZON'S

8  applicable federal tariff. In support of its Complaint for

9  declaratory judgment to declare the rights and other legal

10 relations surrounding questions of actual controversy that exist

11 between PAETEC and VERIZON, PAETEC states:

12

13

14                         **PARTIES**

15 1. Plaintiff PAETEC is a corporation organized under the laws of

16 the State of Delaware with its principal place of business

17 located at One PAETEC Plaza, 600 Willowbrook Office Park,

18 Fairport, New York. PAETEC is engaged in the business of

19 providing telecommunications services in, among other places,

20 the District of Columbia, and the states of Maryland, Virginia,

21 and New York.

22

23 2. Defendant VERIZON is a corporation organized under the laws

24 of the State of Delaware with headquarters located at 140 West

25 Street, New York City, New York. VERIZON is engaged in the

1  business of providing, *inter alia,* intrastate and interstate

2  telecommunications services and telecommunications related

3  services in the District of Columbia and other states including

4  Maryland, Virginia, and New York.

5  **JURISDICTION AND VENUE**

6  3. This court has subject matter jurisdiction herein pursuant to

7  28 U.S.C.§§ 1331 and 1337 because it arises out of federal law,

8  the Communications Act of 1934, as amended, 47 U.S.C. § 151 et

9  seq., and federal tariffs filed with the Federal Communications

10 Commission.

11

12 4. This court has personal jurisdiction over VERIZON because

13 VERIZON engages in the systematic and continuous conduct of

14 business in the District of Columbia. VERIZON has provided and

15 does provide telecommunications and telecommunications related

16 services in the District of Columbia. VERIZON offers, *inter*

17 *alia,* local exchange and interstate exchange access services in

18 the District of Columbia. VERIZON purposefully availed itself of

19 the privilege of conducting business activities in the District

20 of Columbia and is registered to do business in the District of

21 Columbia as a foreign business corporation. VERIZON has a

22 registered agent within the District of Columbia. VERIZON's

23 conduct in connection with the District of Columbia required it

24 reasonably to anticipate that it would be subject to the

25 jurisdiction of the courts in the District of Columbia.

1

2    5. Venue is proper in this judicial district pursuant to 28

3    U.S.C. §1391 in that the Defendant VERIZON resides in this

4    judicial district and a substantial part of the events or

5    omissions giving rise to the claim occurred within this

6    district.

7    **STATEMENT OF CLAIM**

8    6. PAETEC is engaged in the business of providing

9    telecommunications services. These services include, but are not

10    limited to, interstate and intrastate exchange access and

11    exchange services.

12

13    7. At all times relevant to this action, VERIZON was engaged in

14    providing telecommunications services.

15

16    8. This case concerns charges billed by VERIZON to PAETEC for

17    certain interstate telecommunications calls delivered by PAETEC

18    to VERIZON within the District of Columbia and the states of

19    Maryland, Virginia, and New York. In each of those jurisdictions

20    both VERIZON and PAETEC are local exchange carriers ("LECs"),

21    providing local telephone service to their respective end user

22    customers.

23

24    9. Pursuant to the Telecommunications Act of 1996, 47 U.S.C. §§

25    251 *et seq.,* and implementation agreements between them, PAETEC

1  and VERIZON have established local interconnection trunks

2  linking their networks together for the purpose of allowing

3  their customers in the District of Columbia and the states of

4  Maryland, Virginia, and New York to communicate with each other.

5

6  10. Most of the traffic exchanged over the parties' local

7  interconnection trunks consists of calls that both originate and

8  terminate within the District of Columbia and the states of

9  Maryland, Virginia, and New York, which are not at issue in the

10  instant complaint. Another portion of the traffic exchanged over

11  the parties' local interconnection trunks, (hereinafter the

12  "Disputed Traffic") consists of calls that originate in states

13  outside of the District of Columbia and the states of Maryland,

14  Virginia, and New York. The Disputed Traffic is transported into

15  the District of Columbia and the states of Maryland, Virginia,

16  and New York by one or more third parties who subscribe to local

17  service from PAETEC in the District of Columbia and the states

18  of Maryland, Virginia, and New York as a means of terminating

19  their interstate long distance calls to the District of Columbia

20  and the states of Maryland, Virginia, and New York end users.

21  These third-party long distance calls are routed by PAETEC to

22  Verizon in the same way, over the same local interconnection

23  trunks, as calls originated by PAETEC and users located in the

24  District of Columbia and the states of Maryland, Virginia, and

25  New York.

11.   In  or  about  May  2005,  VERIZON  began  to  bill  PAETEC "terminating switched access charges" for the Disputed Traffic.

12.  Access  charges  are  paid  by  interexchange  (i.e.,  long distance) carriers to LECs to compensate the LECs for the use of their  local  telephone  networks  to  originate  or  terminate  long distance  telephone  calls.  Access  charges  in  connection  with interstate  calls  are  regulated  by  the  Federal  Communications Commission (hereinafter the "FCC") and are not covered by any interconnection agreement between PAETEC and VERIZON.

13. Rather  than  being  governed  by  interconnection  agreements, the  applicability  of  interstate  access  charges  is  governed  by Part 69 of the FCC's regulations. 47 CFR § 69.1(a). The rates, terms  and  conditions  for  access  charges  in  connection  with interstate  calls  are  set  forth  in  schedules  (hereinafter "tariffs") filed by the LEC with the FCC.

14. VERIZON billed PAETEC for the Disputed Traffic and continues to  bill  PAETEC  for  the  Disputed  Traffic  pursuant  to  its interstate access tariff on file with the FCC.

15.   PAETEC refused and continues to refuse to pay the access charges VERIZON has billed for the Disputed Traffic.

1

2  16. PAETEC asserts that access charges are inapplicable to the

3  Disputed Traffic because PAETEC does not act as an interexchange

4  carrier with respect to the Disputed Traffic.

5

6  17. PAETEC refuses to pay access charges because Section 69.5(b)

7  of the FCC's Rules provides that access charges are to be

8  assessed on "interexchange carriers", not on other LECs like

9  PAETEC. PAETEC also cites a 2004 decision by the FCC discussing

10 the applicability of access charges. The FCC stated:

11     We note that, pursuant to section 69.5(b) of our rules,
       access charges are to be assessed on interexchange
12     carriers.   47 C.F.R. § 69.5(b).   To the extent
       terminating LECs seek application of access charges,
13     *these charges should be assessed against interexchange
       carriers and not against any intermediate LECs that may
14     hand off the traffic to the terminating LECs,* unless
       *the terms of any relevant contracts or tariffs provide
15     otherwise*. (underlining added)

16

17 *Petition for Declaratory Ruling that AT&T's Phone-to-Phone IP*

18 *Telephony Services are Exempt from Access Charges ("AT&T*

19 *Declaratory Ruling"),* 17 FCC Rcd 7457 (2004), n. 92.

20

21 18. PAETEC asserts that, with respect to the Disputed Traffic,

22 PAETEC was an *intermediate LEC handing off the traffic to*

23 *Verizon, the terminating LEC.*  Accordingly, PAETEC is not liable

24 to Verizon for access charges.

25

19. PAETEC offered to make available to VERIZON the information that would enable Verizon to identify and, accordingly, to bill its access charges to the proper party.

20. VERIZON, nevertheless, insists on billing PAETEC access charges for the Disputed Traffic.

21. As of March 2007, the total access charges billed by Verizon for the Disputed Traffic exceeded $539,408 (Five hundred thirty-nine thousand four hundred and eight dollars).

22. VERIZON and PAETEC have been unable to agree on a settlement for the billing of the Disputed Traffic.

23. VERIZON has demanded the payment of these access charges by PAETEC in the District of Columbia and the states of Maryland, Virginia, and New York.

25. Based upon the foregoing paragraphs of this Complaint, a real, actual and present controversy exists between VERIZON and PAETEC.

PRAYER FOR RELIEF

1    WHEREFORE, PAETEC requests that the Court grant the

2    following relief:

3    1. Pursuant to 28 U.S.C. §2201, declare that, under the

4    Communications Act of 1934, as amended, 47 U.S.C. § 151 et seq.,

5    under the applicable FCC regulations, and under VERIZON's

6    applicable FCC tariffs, VERIZON may not impose interstate

7    carrier access charges regarding the Disputed Traffic on PAETEC

8    where, as in the instant case, PAETEC is acting as a LEC and not

9    an interexchange carrier; that VERIZON's charges are otherwise

10   unjustified under the circumstances; and that any further

11   attempt by VERIZON to collect such unauthorized charges would

12   violate federal law and VERIZON's applicable tariff.

13

14   2. Award PAETEC such other relief as the Court determines just

15   and proper.

16

17                                    Respectfully submitted

18

19                                    Jeffrey J. Binder, Esq.
                                      D.C. Bar #475821
20                                    The Watergate
                                      2510 Virginia Avenue, NW
                                      Washington, D.C.  20037
21                                    j.j.binder@verizon.net

22                                    Attorney for PAETEC
                                      Communications, Inc.
23

24                                    Dated this 3rd day of April,
                                      2007
25

9

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

07-631
M
RJL

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

**I (a) PLAINTIFFS**

*PAETEC COMMUNICATIONS, INC.*
88888

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
*Jeffrey J. Binder, Esq.*
*2510 Virginia Ave, NW*
*Washington, D.C. 20037*

**DEFENDANTS**

*Verizon Communications, Inc.*

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
~~USE THE LOCATION OF THE~~

Case: 1:07-cv-00631
Assigned To : Leon, Richard J.
Assign. Date : 4/4/2007
Description: PAETEC v. VERIZON

**II. BASIS OF JURISDICTION**
(PLACE AN x IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in item III)

**III CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

☐ **A. *Antitrust***

☐ 410 Antitrust

☐ **B. *Personal Injury/ Malpractice***

- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers Liability
- lity
- :t Liability
- ,
- bility

☐ **C. *Administrative Agency Review***

☐ 151 Medicare Act

Social Security:
- ☐ 861 HIA ((1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g)
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g)

Other Statutes
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

☐ **D. *Temporary Restraining Order/Preliminary Injunction***

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

*ro Se General Civil*

| y<br>peal 28 USC 158<br>thdrawal 28 USC 157<br><br>'etitions<br>ath Penalty<br>andamus & Other<br>vil Rights<br>ison Condition<br><br>**Rights**<br>ppyrights<br>itent<br>ademark<br><br>'ax Suits<br>xes (US plaintiff or<br>ant<br>tS-Third Party 26<br>609 | **Forfeiture/Penalty**<br>☐ 610 Agriculture<br>☐ 620 Other Food &Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 RR & Truck<br>☐ 650 Airline Regs<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other<br><br>**Other Statutes**<br>☐ 400 State Reapportionment<br>☐ 430 Banks & Banking<br>☐ 450 Commerce/ICC Rates/etc.<br>☐ 460 Deportation | ☐ 470 Racketeer Influenced & Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Satellite TV<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 875 Customer Challenge 12 USC 3410<br>☐ 900 Appeal of fee determination under equal access to Justice<br>☐ 950 Constitutionality of State Statutes<br>☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act |

```
Court Name: District of Columbia
Division: 1
Receipt Number: 46160003354
Cashier ID: lwebb
Transaction Date: 04/04/2007
Payer Name: Jeffrey Binder
-----------------------------------
CIVIL FILING FEE
  For: Jeffrey Binder
  Amount:        $350.00
-----------------------------------
CHECK
  Check/Money Order Num: 794
  Amt Tendered: $350.00
-----------------------------------
Total Due:       $350.00
Total Tendered:  $350.00
Change Amt:      $0.00

07-0631

Only when the bank clears the
check, money order or verifies
credit of funds, is the fee or debt
officially paid or discharged. A
$45 fee will be charged for a
returned check.
```

| ☐ **G.** *Habeas Corpus/ 2255*<br>☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ **H.** *Employment Discrimination*<br>☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ **I.** *FOIA/PRIVACY ACT*<br>☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ **J.** *Student Loan*<br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ☐ **K.** *Labor/ERISA (non-employment)*<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ **L.** *Other Civil Rights (non-employment)*<br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☒ **M.** *Contract*<br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☒ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ **N.** *Three-Judge Court*<br>☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ Multi district Litigation ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
*28 U.S.C. §§ 1331, 1337, 2201, 42 U.S.C. 1851 et seq. declaratory judgment re Breach of federal act, and re/reinstatement*

**VII. REQUESTED IN COMPLAINT** CHECK IF THIS IS A CLASS ☐ ACTION UNDER F.R.C.P. 23 DEMAND $ _____ Check YES only if demanded in complaint JURY DEMAND: ☐ YES ☒ NO

**VIII. RELATED CASE(S) IF ANY** (See instruction) ☐ YES ☒ NO If yes, please complete related case form.

DATE 4/3/07 SIGNATURE OF ATTORNEY OF RECORD _[signature]_

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The **JS-44** civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.